```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


CHERUBIN STEPHANE KITHE,       §
                               §
           Plaintiff,          §
                               §
v.                             §    CIVIL ACTION NO. H-07-2678
                               §
U.S. ATTORNEY GENERAL, et al., §
                               §
           Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 6) and plaintiff Cherubin Kithe's Opposition to the Defendants' Motion to Dismiss (Docket Entry No. 7) and Motion for Hearing on the Defendants' Motion to Dismiss (Docket Entry No. 8). For the reasons explained below, the court will grant defendants' motion to dismiss and deny plaintiff's motion for oral hearing.

### I.  Factual Background

Plaintiff, Cherubin Stephane Kithe, alleges that on May 18, 2006, he filed an application for asylum with United States Citizenship and Immigration Services ("CIS").[1] More than 150 days later Kithe filed an application for employment authorization. While Kithe's application for asylum was pending approval, CIS

---

[1] Plaintiff's Petition for a Writ of Mandamus and Complaint for Declaratory Relief, Docket Entry No. 1, ¶ 12.

denied Kithe's application for employment authorization on April 12, 2007.[2]

In its Notice of Decision, CIS explained that after submitting the application for asylum, Kithe was required by 8 C.F.R. § 208.7 to wait 150 days before submitting his Application for Work Authorization. CIS advised Kithe that because he had requested a continuance in the asylum application proceedings, Kithe had "requested or caused a delay in the [asylum application] proceedings," in accordance with 8 C.F.R. 208.7(a).[3] This resulted in CIS reducing the amount of days Kithe had waited since filing his asylum application to only 47 days. Since the required 150-day waiting period had not elapsed, the application for employment authorization was denied.[4]

On August 19, 2007, Kithe filed a petition for a writ of mandamus seeking to compel CIS to reconsider his application for employment authorization. Kithe also filed a complaint seeking a declaration that CIS's denial of his application was arbitrary and capricious and that CIS's interpretation of 8 C.F.R. § 208.7 was an abuse of discretion.[5] On September 11, 2007, CIS approved Kithe's application for employment authorization for a one-year term.[6]

---

[2]Id. ¶ 13.

[3]Id., Exhibit 1.

[4]Id.

[5]Id. at 13-14. Kithe sought attorney's fees and costs.

[6]Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 6, Exhibit 1, Declaration of Paul Sturgeon ¶ 2.

Accordingly, defendants moved to have Kithe's petition for a writ of mandamus and his complaint for declaratory judgment dismissed for lack of subject matter jurisdiction because it was moot.[7]

## II.  Standard of Review

Under Rule 12 of the Federal Rules of Civil Procedure, a defending party may move for the dismissal of a plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).  Mootness is a question of subject matter jurisdiction. Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004).  The party asserting subject matter jurisdiction has the burden of proof. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

## III.  Analysis

Under Article III, § 2 of the Constitution, federal courts have no authority to decide moot questions.  See Louisiana Environmental Action Network v. EPA, 382 F.3d 575, 580-81 (5th Cir. 2004).  A case becomes moot when either "the issues presented are no longer 'live,'" or a litigant "lack[s] a legally cognizable interest in the outcome."  Resident Council of Allen Parkway

---

[7]Docket Entry No. 6.

Village v. HUD, 980 F.2d 1043, 1048 (5th Cir. 1993) (citations and quotations omitted).

Defendants argue that all of Kithe's claims are moot because the issues Kithe raises in his petition and complaint are no longer live given that CIS has already granted Kithe's employment-authorization application. Kithe filed suit to obtain relief from CIS's denial of his application for employment authorization. To achieve this aim Kithe sought two forms of relief: (1) a declaratory judgment that CIS's denial of his application was arbitrary and capricious and that CIS's interpretation of 8 C.F.R. § 208.7 was an abuse of discretion; and (2) a writ of mandamus to command CIS to reconsider Kithe's application.[8] Since CIS has reconsidered and approved Kithe's employment-authorization application, Kithe's request for mandamus is moot. Kithe concedes this point,[9] but argues that his request for declaratory relief is not moot.[10]

Kithe argues that the mooting of his mandamus claim does not automatically moot his request for declaratory relief. When "a

---

[8]Plaintiff's Petition for a Writ of Mandamus and Complaint for Declaratory Relief, Docket Entry No. 1, pp. 13-14.

[9]See Plaintiff's Opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 7, p. 3 n.1 ("The Relator acknowledges that, at the present time, his request for mandamus relief is no longer pertinent.").

[10]Kithe also contends that his claim for attorney's fees is also justiciable. However, the court may consider Kithe's claim for attorney's fees only if his declaratory judgment claim is justiciable. See Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1255 (1990).

plaintiff challenges both a specific agency action and the policy that underlies that action, the challenge to the policy is not necessarily mooted merely because the challenge to the particular agency action is moot." City of Houston, Tex. v. HUD, 24 F.3d 1421, 1428 (D.C. Cir. 1994) (emphasis in the original). Accordingly, a declaratory judgment claim that challenges "'some ongoing underlying policy'" is justiciable on its own merits even if the challenge to a specific agency action is mooted. Harris v. City of Houston, 151 F.3d 186, 191 n.5 (5th Cir. 1998) (quoting City of Houston, 24 F.3d at 1429). However, if the challenge to a specific agency action is moot, and the plaintiff's declaratory judgment claim "merely attacks an isolated agency action," the plaintiff's claim is also moot unless the plaintiff's challenge to the specific agency action "fits the exception for cases that are 'capable of repetition yet evading review,' or falls within the 'voluntary cessation' doctrine." City of Houston, 24 F.3d at 1429 (citations omitted).

Kithe is not challenging an ongoing CIS policy, but a specific agency action: CIS's denial of his application for failing to wait the requisite 150 days before applying for employment authorization. Kithe's declaratory judgment claim is therefore no longer justiciable. Moreover, Kithe has not argued that his case falls within the voluntary cessation doctrine.[11] The only basis for

---

[11]Although Kithe used the phrase "voluntary cessation" once in his opposition, he provided no argument on that point. Instead, he
(continued...)

jurisdiction that Kithe has advanced is that his challenge to CIS's action is within "the class of controversies 'capable of repetition, yet evading review.'" First Nat'l Bank v. Bellotti, 98 S. Ct. 1407, 1414 (1978).

An agency's action is "capable of repetition" when "(1) the challenged action [i]s in duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 96 S. Ct. 347, 349 (1975). Kithe argues that since his application for employment authorization is subject to annual approval, there is insufficient time to fully litigate his claim. Whatever the merits of Kithe's position as to the first element of the "capable of repetition" exception, the court concludes that Kithe has failed to satisfy the second element. "The second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" FEC v. Wisconsin Right to Life, 127 S. Ct. 2652, 2663 (2007) (citations omitted). There is

---

[11](...continued)
argued only the "capable of repetition" exception, which was also the only argument the defendants replied to. Consequently, the court concludes that Kithe failed to properly raise voluntary cessation, and will not consider it when deciding whether it still has jurisdiction. Cf. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

no reasonable expectation that Kithe's future employment-authorization applications will be denied for failing to wait 150 days before applying.  CIS's records show that 377 days have accrued on Kithe's asylum application.[12]  This is more than enough time to satisfy the 150-day waiting period for any future employment-authorization application submitted under his current asylum application.  See 8 C.F.R. 208.7(a).

### IV.  Conclusion and Order

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 6) is **GRANTED,** and Kithe's Motion for Hearing on the Defendants' Motion to Dismiss (Docket Entry No. 8) is **DENIED** as moot.

**SIGNED** at Houston, Texas, on this 5th day of December, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[12]See Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 6, Exhibit 1, Declaration of Paul Sturgeon ¶ 3.